IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| YVETTE F. CATRON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE DR. JAMES S. HAYES LIVING HOME )<br>HOME HEALTH CARE AGENCY, INC., )<br>d/b/a FAMILY HOME HEALTH AGENCY, )<br>)<br>Defendant. ) | No. 12-2302-STA-dkv |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant The Dr. James S. Hayes Living Home Health Care Agency, Inc. d/b/a Family Home Health Agency's ("FHHA") Motion to Dismiss (D.E. # 9) filed December 10, 2012. Plaintiff Yvette F. Catron ("Catron") filed a Response (D.E. # 12) on January 3, 2013. FHHA filed a Reply (D.E. # 13) on January 17, 2013. Although FHHA styles this motion as a Motion to Dismiss, the Court construes a motion to dismiss filed after the close of pleadings as a motion for judgment on the pleadings under Rule 12(c).[1] For the reasons discussed below, the Court **GRANTS** this Motion.

---

[1] *See McGlone v. Bell*, 681 F.3d 718, 728 n. 2 (6th Cir. 2012) ("Defendants filed an untimely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as it was filed after the Defendant's Answer. The district court, using its discretion to address substance over form, treated Defendants' motion to dismiss as a 12(c) motion for judgment on the pleadings."); *see also Satkowiak v. Bay Cnty. Sheriff's Dept.*, 47 F. App'x 376, 377 n. 1 (6th Cir. 2002).

1

## BACKGROUND

For purposes of the instant Motion, the Court accepts the following as established. Catron worked at FHHA for approximately six years, ending in February 2012. (Compl. ¶ 6.) Catron would work in excess of forty hours per week on a regular and repeated basis. (*Id.* ¶ 7.) Catron alleges she performed this excess work "off the clock" so that FHHA might avoid paying her overtime, and did so at management's direction. (*Id.* ¶ 8.)

On August 1, 2011, Catron filed a voluntary petition for protection under Chapter 13 of the United States Bankruptcy Code. (Mot. to Dism. Ex. A at 3-4, D.E. # 9-2.) As part of her mandatory disclosures under 11 U.S.C. § 521 and under oath, Catron filed a schedule of her assets and liabilities with the United States Bankruptcy Court for the Western District of Tennessee. (*Id.* at 10-24.) In this schedule, Catron indicated she had no contingent or unliquidated claims of any nature. (*Id.* at 12.) Relying in part on this schedule, the Bankruptcy Court confirmed Catron's Chapter 13 reorganization plan on December 21, 2011. (*Id.* at 34-37.)

On May 29, 2012, the Chapter 13 Trustee filed a motion to dismiss Catron's Chapter 13 plan for failure to make payments. (Resp. to Mot. to Dism. Ex. 2 at 2., D.E. # 12-2.) The Bankruptcy Court held a hearing on this motion on July 5, 2012. (*Id.*) Pursuant to that hearing, the Bankruptcy Court entered an order dismissing Catron's Chapter 13 case on July 6, 2012. (Resp. to Mot. to Dism. Ex. 1 at 2-3, D.E. # 12-1.)

FHHA argues Catron's representations before the Bankruptcy Court judicially estop her from asserting her claims before this Court. Catron responds judicial estoppel is inappropriate in the context of a dismissed bankruptcy case, and that in any event her omission was inadvertent.

## STANDARD OF REVIEW

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nonetheless entitled to judgment."[2] A court "need not accept as true legal conclusions or unwarranted factual inferences."[3] A court will grant a motion under Rule 12(c) "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."[4] When reviewing a motion under Rule 12(c), "the court considers all available pleadings, including the complaint and the answer."[5]

> The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice.[6]

## ANALYSIS

The Court determines judicial estoppel is appropriate in this context. "[J]udicial estoppel bars a party from asserting a position that is contrary to the one the party has asserted under oath in a prior proceeding[.]"[7] While a court should apply the doctrine of judicial estoppel with

---

[2] *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotations omitted.)

[3] *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 398, 400 (6th Cir. 1999).

[4] *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

[5] *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010); *see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

[6] *Dudek*, 702 F. Supp 2d at 832.

[7] *Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

caution,[8] courts in the Sixth Circuit recognize the doctrine as well-established and utilize it to "preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship."[9] Courts will typically evaluate factors such as whether the party's position is clearly inconsistent with a prior position, whether the party has convinced a court to adopt their previous position, and whether the party has derived an unfair advantage by assertion of the prior position.[10] In the context of an omitted claim on a § 521 schedule, application of judicial estoppel in the Sixth Circuit requires a court to find a party asserted a position contrary to the one asserted under oath in a prior proceeding, that the prior court adopted the contrary position in either a preliminary matter or as part of a final disposition, and that the conduct did not result from mistake or inadvertence.[11]

It is uncontroverted Catron asserted a position before the Bankruptcy Court contrary to the one she asserts here. Section 521 of the Bankruptcy Code mandates the debtor must "file . . . unless the court orders otherwise . . . a schedule of assets and liabilities[.]"[12] "[I]t is well-settled that a legal cause of action is an asset that must be listed."[13] Catron filed a § 521 schedule with the Bankruptcy Court, but failed to include her claims against FHHA. She now seeks to assert these claims before this Court.

---

[8] *Id.*

[9] *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475 (6th Cir. 2010) (internal quotations omitted).

[10] *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

[11] *White*, 617 F.3d at 476.

[12] 11 U.S.C. § 521(a)(1)(B)(i).

[13] *Swanigan v. Nw. Airlines, Inc.*, 718 F. Supp. 2d 917, 923 (W.D. Tenn. 2010) (Donald, J.) (citing *Lewis*, 141 F. App'x at 424).

It is likewise clear to the Court the Bankruptcy Court adopted Catron's assertions in a preliminary matter. "[W]hen a bankruptcy court—which must protect the interests of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position."[14] The Bankruptcy Court approved Catron's Chapter 13 plan and authorized payments from her estate to her creditors, so adopted her assertions.

Therefore, to find judicial estoppel inappropriate, the Court must determine Catron's omission of her claims against FHHA were the result of mistake or inadvertence. To evaluate whether the Catron's omission resulted from mistake or inadvertence, the Court must consider whether "(1) [Catron] lacked knowledge of the factual basis of the undisclosed claims; (2) [Catron] had a motive for concealment; and (3) the evidence indicates an absence of bad faith."[15]

The Court finds Catron knew of the facts underlying the claims asserted here before she filed her bankruptcy petition. Catron bases her claims on hours worked in excess of forty hours per week for which FHHA did not pay her during a time period that extends approximately five years prior to the commencement of her bankruptcy case. Catron argues her omission was inadvertent because she did not know she had any claims against FHHA. However, whether a debtor knew she had a claim is not the standard in the Sixth Circuit for inadvertence. The standard is whether the debtor knew of the factual basis for a later-asserted claim. Though Catron may not have known FHHA's failure to pay her for her worked hours did not constitute a claim, she knew of FHHA's failure to pay her for time in excess of forty hours per week.

---

[14] *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988).

[15] *Lewis*, 141 F. App'x at 426.

5

Similarly, the Court finds Catron had a motive for concealment. "It is always in a Chapter 13 petitioner's interest to minimize income and assets."[16] Although it is true Catron's benefit from minimizing assets here is limited due to the dismissal of her bankruptcy case, the Court must look to her motives at the time of the omission. The Court must assume Catron filed her bankruptcy petition with every intention of completing a confirmed plan and receiving a discharge. Under the law of this circuit, Catron had a motive to conceal her claims against FHHA.

Finally, the Court finds the evidence does not support a finding of lack of bad faith. To decide if there is an absence of bad faith, courts will look to the debtor's attempts to advise the bankruptcy court of omitted claims.[17] Catron concedes she made no attempt to amend her bankruptcy schedules, even after she filed a complaint in this Court. Catron maintains she failed to do so because it would have been futile: she filed her complaint with this Court on April 19, 2012, and the Bankruptcy Trustee moved to dismiss her Chapter 13 case on May 29, 2012. Even were the Court to accept *arguendo* Catron's duty to amend her bankruptcy schedule only arose at the filing of the instant case instead of when she became aware of its factual predicates, forty days elapsed between filing this suit and the Bankruptcy Trustee's motion to dismiss. There is no evidence Catron attempted to amend her schedules at any point in these forty days.

As evidence of lack of bad faith, Catron submits to the Court an affidavit stating she did not intend to deceive or mislead anyone through her omission, that her bankruptcy attorney never advised her to amend her bankruptcy schedules if she filed a lawsuit, and that she answered her

---

[16] *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 426 (6th Cir. 2005).

[17] *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 479-80 (6th Cir. 2010).

bankruptcy attorney's questions completely and honestly.[18] She then cites to a decision by this Court determining an affidavit submitted by a debtor showing the debtor disclosed his claims to his attorney, and the attorney prepared the schedule of assets omitting the claims may establish inadvertence.[19] However, the Court finds *Doughtie* inapplicable to the case at bar. First, although *Doughtie* concerned a motion to dismiss or in the alternative a motion for summary judgment, it is clear the Court considered it as a motion for summary judgment.[20] The Court is reviewing the instant motion under Rule 12(c), not Rule 56. It would be inappropriate for the Court to review affidavit evidence other than those affidavits central to the complaint and referred to in the pleadings. Second, Catron's affidavit does not state she disclosed her potential claim to her attorney, only that her attorney did not tell her she had to disclose her potential claim. Even were the Court to consider her affidavit, it does not establish the facts of *Doughtie*.

Catron also argues a number of courts have held judicial estoppel entirely inappropriate when a Chapter 13 case has been dismissed. The Court finds the cases presented either distinguishable or unpersuasive. In *Wilson v. City of Springfield*, the action leading to dismissal of the bankruptcy case was a failure to file a schedule of assets and liabilities—thus, there was no judicial adoption of the plaintiff's contrary position.[21] In *Wilson v. Guardian Angel Nursing, Inc.*, the Middle District of Tennessee, citing no authority and in a conclusory manner announced that plaintiffs who had filed a subsequently-dismissed Chapter 13 petition would not be

---

[18] Catron Aff. ¶¶ 6-9.

[19] *Doughtie v. Ashland, Inc.*, No. 03-2073 M1/A, 2005 U.S. Dist. LEXIS 43549, at *12 (W.D. Tenn. May 13, 2005) (McCalla, J.).

[20] *Id.* ("The record before the Court reveals the failure to include Mr. Brooks's claims against Defendant in his bankruptcy filings was inadvertent.")

[21] *Wilson v. City of Springfield*, No. 3:08-cv-087, 2009 WL 1687934, at *2, 4 (S.D. Ohio June 15, 2009).

7

judicially estopped from asserting their claims in an FLSA opt-in collective action.[22] The Middle District rested this holding on the failure of the plaintiffs to persuade a prior court of their position.[23] However, this analysis is contrary to controlling Sixth Circuit precedent, at least as applied to a debtor with a confirmed Chapter 13 plan.[24]

In addition, Catron cites state court decisions from Connecticut and Georgia to support her argument judicial estoppel should not apply to assertions made in a dismissed Chapter 13 case. These cases are inapplicable to the case before the court. In *Association Resources v. Wall*, the Connecticut Supreme Court held the trial court's refusal to apply judicial estoppel was within its discretion, noting there was no risk of inconsistent results or prejudice to creditors as a result of the plaintiff's inconsistent assertions.[25] In *IBF Participating Income Fund v. Dillard-Winecoff*[26] and *Pechin v. Lowder*,[27] Georgia courts applied their own interpretation of *New Hampshire v. Maine* to determine the dismissal of a Chapter 13 case precluded application of judicial estoppel because the debtor had received no unfair advantage. While these are proper applications of the doctrine of judicial estoppel in Connecticut and Georgia, they are not in the

---

[22] *Wilson v. Guardian Angel Nursing, Inc.*, No. 3:07-0069, 2008 WL 2944661, at *11 (M.D. Tenn. July 31, 2008).

[23] *Id.*

[24] *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988).

[25] *Ass'n Res. v. Wall*, 2 A.3d 873, 892 (Conn. 2010).

[26] *IBF Participating Income Fund v. Dillard-Winecoff*, 573 S.E.2d 58, 60 (Ga. 2002). The Court notes *IBF* deals with a Chapter 11 reorganization plan, not a Chapter 13 reorganization plan.

[27] *Pechin v. Lowder*, 659 S.E.2d 430, 431 (Ga. Ct. App. 2008) (applying *IBF* in Chapter 13 context.) The Court notes Catron also cites *Battle v. Liberty Mut. Fire Ins. Co.*, 623 S.E.2d 541 (Ga. Ct. App. 2005). *Battle* deals with a Chapter 7 liquidation plan, not a Chapter 11 or 13 reorganization plan.

Sixth Circuit. The Sixth Circuit makes it clear the adoption of a bankruptcy plan in partial reliance on a debtor's incorrect schedule of assets sufficiently prejudices creditors to make judicial estoppel appropriate, regardless of whether the bankruptcy court subsequently adjudicates the debtor bankrupt or dismisses the case.[28]

## CONCLUSION

Because Catron failed to disclose her claims against FHHA in her representations to the Bankruptcy Court, and the Bankruptcy Court adopted Catron's representations in confirming her Chapter 13 plan, the Court finds application of the doctrine of judicial estoppel appropriate, as Catron's failure to disclose did not result from mistake or inadvertence under settled Sixth Circuit precedent. Therefore, the Court **GRANTS** FHHA's Motion for Judgment on the Pleadings and dismisses this case with prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 22, 2013.

---

[28] *Reynolds*, 861 F.2d at 473; *see also Sexton v. State Farm Fire & Cas. Co.*, No. 3:09-CV-535, 2011 WL 2516742, at *5 (E.D. Tenn. June 23, 2011) (Varlan, J.); *Wells v. Barloworld Truck Ctr., Inc.*, No. 04-3033 MA/P, 2006 WL 1493245, at *3 (W.D. Tenn. 2006) (Mays, J.).